IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-2153-CM |
| ) | |
| ERIC H. HOLDER, JR., in his official ) | |
| capacity as U.S. Attorney General, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel a discovery response (Doc. 68) and motion for leave to depose a witness (Doc. 72). For the reasons set forth below, the motions shall be **DENIED.**

### Background

Plaintiff is African-American and employed by the Federal Bureau of Prisons at the U.S. Penitentiary in Leavenworth, Kansas. Highly summarized, he alleges that his immediate supervisor, Carl Crawford, intentionally engaged in racial discrimination and retaliation. More specifically, plaintiff asserts that his supervisor (1) treated him "in a manner disparate from that accorded white employees," (2) denied him training opportunities, (3) changed his work schedule, (4) denied him certain posts and shifts, (5)

assigned him to less desirable posts and shifts, (6) denied him the opportunity to work as acting captain, (7) falsely charged him with being absent without leave, (8) gave him low performance ratings, (9) denied leave plaintiff was entitled to take, and (1) falsely stated that plaintiff performed his duties incompetently.

## Motion to Compel a Discovery Response

Plaintiff took the deposition of his former supervisor, Carl Crawford, on May 18, 2011 in Kansas City, Kansas.[1] Mr. Crawford was unrepresented during the deposition and, when questioned about deposition exhibits 2 and 5, refused to answer until plaintiff's counsel explained the relevance of the two exhibits to the case. Plaintiff's counsel declined Crawford's invitation to explain the relevance of the two exhibits and now moves to compel answers to deposition questions concerning exhibits 2 and 5.[2]

Because Crawford was not initially served with the motion to compel, the court mailed a copy to him and ordered him to show cause why the motion should not be granted.

---

[1] Mr. Crawford is currently employed by the Department of Homeland Security.

[2] Exhibit 2 is a November 28, 2007 letter setting forth proposed adverse employment action against Crawford for misconduct concerning the opening of a locked file cabinet and refusal to sign a quarterly roster. On its face, the letter does not have any apparent direct connection to plaintiff's claims in this case.

Exhibit 5 is a 2007 affidavit by Crawford concerning his own time and attendance practices and his approach to scheduling of work shifts. Mr. Crawford answered deposition questions concerning Exhibit 5 but raised a relevance objection to a question concerning an earlier incident when he worked at the U.S. Penitentiary at Terra Haute, Indiana. Again, on the surface, there is no apparent direct relationship between the investigation at Terra Haute and plaintiff's claims of discrimination at Leavenworth.

(Doc. 80). Crawford responded with a detailed explanation why exhibits 2 and 5 have nothing to do with discrimination or plaintiff's claims and also criticized plaintiff's counsel for a lack of professionalism. (Doc. 86). Plaintiff does not challenge Crawford's explanation of exhibits 2 and 5 but argues that Crawford's initial refusal to answer based on a relevance objection was procedurally improper.

The court agrees that Crawford's refusal to answer based on a relevance objection was improper. A person may refuse to answer *only* (1) when necessary to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2). However, Crawford was unrepresented during the deposition and neither attorney in attendance cited Rule 30(c)(2) to the witness.[3] More importantly, Crawford has now explained the two exhibits in greater detail. Although plaintiff asserts that the exhibits are relevant to show that Crawford "considered himself above the law," the court is not persuaded that reopening the deposition for additional questions concerning the two exhibits is warranted. See, Fed. R. Civ. P. 26(b)(2)(C) (court may limit discovery where information is duplicative or the burden and expense outweighs its likely benefit).[4] Accordingly, plaintiff's motion to compel Crawford to answer deposition questions shall be DENIED.

---

[3] Plaintiff's counsel did advise Crawford that the court could order him to answer the questions and impose sanctions.

[4] Plaintiff's motion would have been unnecessary had Crawford provided his explanation at the deposition.

**Motion for Leave to Depose a Witness**

May 18, 2011 was the deadline for the completion of discovery.[5] Plaintiff moves for leave to reopen discovery to take a discovery deposition of Kevin Johnson, a Bureau of Prison employee who worked as Executive Assistant to the Warden at Leavenworth Penitentiary during the time relevant to plaintiff's claims. For the reasons set forth below, the motion shall be DENIED.

Plaintiff determined that Mr. Johnson was a witness in 2010 and disclosed him as a potential witness to defendant on August 31, 2010.[6] Notwithstanding this early identification of Mr. Johnson, plaintiff did not seek to take Johnson's discovery deposition during the time allocated for discovery. The reason given for not taking Mr. Johnson's discovery deposition was plaintiff's belief that Johnson was "very cooperative" and "counsel elected not to spend his client's money deposing him." (Doc. 72, p. 2). Plaintiff also asserts that Johnson agreed to provide an affidavit consistent with his discussion with plaintiff's counsel. (Doc. 72. p.2).

Plaintiff seeks leave to take the discovery deposition of Mr. Johnson, arguing that Mr.

---

[5] The parties' joint motion to extend the discovery deadline to May 18, 2011 was granted on June 14, 2011. (Doc. 65).

[6] Plaintiff begins his attack on defense counsel with the incorrect legal assertion that defendant was obligated to disclose Mr. Johnson as a witness "likely to have discoverable information" under Fed. R. Civ. P. 26(a)(1)(a)(i). (Doc. 72, p. 4). However, plaintiff ignores the following operative language in the rule: "to support its claims or defenses." Because defendant is not relying on Mr. Johnson "to support its claims or defenses," defendant was under no obligation to list Mr. Johnson in its initial disclosures. Plaintiff's misstatement of Rule 26(a)(1)(a)(i) as a grounds for attacking defense counsel is troubling.

-4-

Johnson is no longer willing to provide an affidavit and this refusal raises the issue of "whether there has been an obstruction of justice."  (Doc. 72, p. 4).  Plaintiff suggests that the U.S. Attorney should open an investigation and that "a good starting point" would be an interview of Bureau of Prisons attorney Natalie Holick.  (Doc. 72, p. 5).  Plaintiff also argues that, because he is no longer certain what Mr. Johnson's testimony will be, he should be allowed to conduct a discovery deposition.

The court is not persuaded that there is any evidence of "an obstruction of justice" by the United States Attorney's office or the Bureau of Prisons.  To the contrary, Mr. Johnson has filed an affidavit directly challenging assertions in plaintiff's motion.  For example, plaintiff's opening brief alleges that Johnson was in Crawford and plaintiff's "chain of command"and that Johnson observed Crawford's interaction with subordinates "nearly every day on the job."  However, Johnson's affidavit explains that he was the *Executive Assistant* to the Warden at Leavenworth and was ***not*** in plaintiff or Crawford's supervisory chain of command.  Johnson also states that although he observed Crawford and Humphrey interact, he has "no direct knowledge of any of the allegations in Humphrey's ... complaint."  Plaintiff also asserts that Johnson formed the opinion that Crawford was racially prejudiced against African American officers and agreed to provide an affidavit consistent with this opinion.  Johnson denies that he agreed to provide an affidavit expressing such an opinion.

Plaintiff's counsel explains in his reply brief that *his client* has confirmed that Johnson was not in plaintiff or Crawford's "chain of command."  (Doc. 84, p. 3).  Accordingly, this representation in plaintiff's opening brief (Doc. 72, p. 2) is untrue.  Plaintiff's counsel also

provides clarification concerning Johnson's agreement to provide an affidavit, explaining that Johnson expressed a willingness to provide an affidavit or statement if it would mean he would not have to appear at trial. This "clarification" reveals that Johnson was willing to provide an affidavit but that the content of the affidavit had yet to be determined. Plaintiff's original representations concerning Johnson's agreement to provide an affidavit are incomplete and less than candid.[7]

Finally, plaintiff's counsel argues in his reply brief that he "has not accused anyone of obstruction of justice or an ethical breach." However, plaintiff's opening brief quoted the statutory elements of obstructing justice (18 U.S.C. § 1512(b)) and asserted that "the involvement of an attorney would constitute a serious ethical breach." Counsel then proceeded to argue that the Assistant U.S. Attorney representing defendant and the Bureau of Prisons attorney were the attorneys with knowledge of Johnson's importance as a witness and that a criminal investigation should begin with the attorneys. Contrary to plaintiff's denial, his opening brief clearly argued that a crime had been committed and implied that the two attorneys representing the government had participated in the misconduct.

Given the misrepresentations in plaintiff's briefs, the court is unwilling to grant

---

[7] Mr. Johnson apparently remains willing to appear as a witness for trial.

plaintiff's untimely request for leave to conduct a discovery deposition of Mr. Johnson.[8] Accordingly, his motion shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel a discovery response **(Doc. 68)** and motion for leave to depose a witness **(Doc. 72)** are **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of September 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[8] This is not the first incident of discovery misconduct in this case by plaintiff's counsel. Plaintiff's counsel was informally admonished for disrupting plaintiff's deposition and suggesting answers to his client. The misconduct ceased after an informal conference with the court and defendant's videotaping of the remainder of the deposition.