**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WALTER HUMPHREY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-2153-CM |
| ) | |
| **ERIC H. HOLDER, JR., in his official** ) | |
| **capacity as U.S. Attorney General,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for reconsideration. (Doc. 92). For the reasons set forth below, the motion shall be denied.

On September 23, 2011 the court denied plaintiff's motion to conduct an untimely discovery deposition of Kevin Johnson, a Bureau of Prison employee who worked as Executive Assistant to the Warden at Leavenworth Penitentiary during the time relevant to plaintiff's claims. (Memorandum and Order, Doc. 88). The motion was denied based on a finding of misrepresentations in plaintiff's motion. For example, plaintiff's counsel alleged that Johnson was in Carl Crawford and plaintiff's "chain of command."[1] However, Johnson filed an affidavit stating that he was ***not*** in the "chain of command," a fact that was later

---

[1] Carl Crawford was plaintiff's immediate supervisor and the individual alleged to have discriminated against plaintiff.

"confirmed" by plaintiff.[2] The court also rejected plaintiff counsel's suggestion that the discovery deposition should be allowed because of ethical misconduct or criminal obstruction of justice.

The court has discretion to reconsider a non-dispositive order based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. The court is not persuaded that reconsideration is warranted. At best, plaintiff attempts to (1) reargue the meaning of his earlier representations and (2) improve his original motion with additional exhibits and an affidavit. The additional exhibits and affidavit are not "new" evidence that was otherwise unavailable to plaintiff when he filed his original motion. More importantly, the court is not persuaded that any of its findings or rulings reflect "clear error" or "manifest injustice." Under the circumstances, plaintiff's motion for reconsideration is denied.[3]

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration **(Doc. 92)** is **DENIED.**

---

[2] Mr. Johnson also denied other allegations in plaintiff's motion.

[3] The additional exhibits and affidavit simply support plaintiff's contention that Mr. Johnson is a potentially favorable witness for his case. The significance of Mr. Johnson's testimony is debatable but that is not the issue before the court on this motion for reconsideration. Plaintiff was aware that Mr. Johnson was a potential witness *in August 2010*; however, counsel made a strategic decision to *not* expend the time and money to depose Mr. Johnson during the discovery period. Doc. 72, p. 2. Material misrepresentations were made in the motion for leave to conduct the discovery deposition and plaintiff's arguments for reconsideration are unpersuasive.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of January 2012.

                                                 S/ Karen M. Humphreys
                                          _____
                                                 KAREN M. HUMPHREYS
                                               United States Magistrate Judge