IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WALTER HUMPHREY,**                    )<br>                                                            )<br>                                                            )<br>                    **Plaintiff,**              )<br>                                                            )<br>v.                                                       )<br>                                                            )         Case No. 10-2153-CM<br>                                                            )<br>**ERIC H. HOLDER, JR., in his official**   )<br>**capacity as U.S. Attorney General,**     )<br>                                                            )<br>                    **Defendant.**            )<br>_____)| |

## **MEMORANDUM AND ORDER**

Plaintiff filed this employment discrimination action on March 22, 2010. At that time, plaintiff was represented by counsel. Counsel withdrew from the case in January 2012, and the court gave plaintiff until April 16, 2012 to secure new counsel. Plaintiff failed to do so, and the court entered a revised scheduling order on April 19, 2012. Plaintiff then failed to help prepare the final pretrial order. On May 18, 2012, the court held a status conference. At that time, plaintiff expressed a desire to proceed with the case. On May 31, 2012, defendant asked the court to direct plaintiff to show cause why the case should not be dismissed for lack of prosecution. Magistrate Judge Humphreys then directed plaintiff to show cause why the case should not be dismissed by July 25, 2012. Plaintiff did not respond to defendant's motion or the court's order.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute his case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a

case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

First, despite multiple opportunities, plaintiff continues to fail to participate in this litigation—prejudicing defendant. Defendant has made a number of efforts to contact plaintiff. Specifically, defendant mailed plaintiff a letter on April 30 and left three messages on plaintiff's cell phone in May. Defendant also called plaintiff's work but was informed that plaintiff was not there. Defendant then called plaintiff's home, but learned that phone had been disconnected. In late May, defendant filed a motion detailing those efforts and chronicling plaintiff's inaction. Based on plaintiff's lack of response, the court determines that defendant will be prejudiced by any further delay.

Second, plaintiff's continued failure to participate in this litigation is interfering with the judicial process, as is evidenced by the status conference that the court had to schedule in May 2012. The case is set for trial in January 2013, but there is no indication that plaintiff will prepare for trial or file documents in accordance with the scheduling order. And the court has been unable to enter a pretrial order in the case because plaintiff failed to discuss the proposed pretrial order with defendant, despite confirming that he received the proposed order by email.

Finally, at this point, the court must find plaintiff culpable for his conduct. While plaintiff may have had intentions of hiring new counsel, he still has not done so. He has had since January of this year—over six months. If plaintiff does not have counsel, he has an obligation to participate in the case on his own behalf. He may not ignore court orders. The court has given him ample opportunities to participate in the case and pursue his claims. At this point, the court has little choice but to find that plaintiff's decision not to prosecute his case is a willful and deliberate action.

Based on these factors, the court determines that the case should be dismissed for lack of prosecution. The dismissal is with prejudice.

**IT IS THEREFORE ORDERED** that the case is dismissed with prejudice for lack of prosecution.

The case is closed.

Dated this 9th day of August, 2012, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**